UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

NATIONSTAR MORTGAGE LLC,

    Plaintiff,

v.

SAFARI HOMEOWNERS ASSOCIATION, *et al.*,

    Defendants.

Case No. 2:16-cv-02542-RFB-CWH

**ORDER**

## I. INTRODUCTION

Before the Court is Plaintiff's Motion to Reopen Discovery (ECF No. 55), SFR Investments Pool 1, LLC's Motion for Summary Judgment (ECF No. 56), Safari Homeowners' Association's Motion to Dismiss (ECF No. 57), Safari Homeowners' Association's Motion for Summary Judgment (ECF No. 58), Plaintiff's Motion for Partial Summary Judgment (ECF No. 59), SFR Investments Pool 1, LLC's Counter Motion to Strike Plaintiff's Motion to Reopen Discovery (ECF No. 63), SFR Investments Pool 1, LLC's Counter Motion for Sanctions (ECF No. 64), Plaintiff's Motion to Substitute Party (ECF No. 88), and Defendants' Counter Motion for Sanctions (ECF No. 97).

## II. FACTUAL BACKGROUND

The Court summarizes the facts alleged in Plaintiff's complaint, filed November 2, 2016. ECF No. 1.

On or about May 25, 2005, Carlos Bolanos obtained a loan from Spectrum Financial Group, Inc. in the amount of $215,000.00 evidenced by a note and secured by a senior deed of trust recorded on June 2, 2005 (Instrument No. 20050602-0003955). This senior deed of trust was assigned to U.S. Bank National Association (Instrument No. 201001260000223), then assigned from U.S. Bank National Association to Plaintiff (Instrument No. 201408050001606).

On September 27, 2011, Defendant Safari Homeowners' Association ("Safari"), through its agent Defendant Nevada Association Services, Inc. ("NAS"), recorded a notice of delinquent assessment lien in the amount of $4,905.70, including $765.70 for late fees, collection fees, and interest (Instrument No. 201109270002888). On November 21, 2011, Safari, through its agent NAS, recorded a notice of default and election to sell under homeowners' association lien to satisfy the delinquent assessment lien in the amount of $1,996.50 (No. 201111210002418). Plaintiff alleges several deficiencies in the notice, including failure to specify the super-priority amount claimed by Safari and the deficiency in payment.

On or about December 27, 2011, Bank of America, N.A. ("BANA"), then servicer of the loan, requested a ledger from Safari, through its agent NAS, identifying the super-priority amount allegedly owed to Safari. Safari refused to provide a ledger and thereby obstructed BANA's efforts to satisfy the super-priority portion of Safari's lien and cure any default in that portion of the lien.

On June 12, 2012, Safari, through its agent NAS, recorded a notice of foreclosure sale (Instrument No. 201206120001169). The sale was scheduled for July 6, 2012. The notice states the amount due Safari was $3,134.42. Again, Plaintiff alleges several deficiencies in the notice.

On or about August 10, 2012, Safari foreclosed on the property. A foreclosure deed in favor of SFR Investment Pool 1, LLC ("SFR") was recorded on September 7, 2012 (Instrument No. 201209070001202). Upon information and belief, NAS wrote in the foreclosure deed that the sale price at the August 10, 2012 foreclosure sale was $10,000.00, less than five percent of the value of the unpaid principal balance on the senior deed of trust.

/ / /

/ / /

/ / /

## III. LEGAL STANDARD

In order to state a claim upon which relief can be granted, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In ruling on a motion to dismiss for failure to state a claim, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Security Servs., Inc., 706 F.3d 1017, 1019 (9th Cir. 2013). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted).

Accepting the allegations in the complaint as true, the Court determines whether 'the running of the statute is apparent on the face of the complaint." Huynh v. Chase Manhattan Bank, 465 F.3d 992, 997 (9th Cir. 2006) (citation omitted). A complaint may be dismissed as untimely only where "it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1207 (9th Cir. 1995).

## IV. DISCUSSION

In the complaint filed November 2, 2016, Plaintiff states causes of action under quiet title, NRS 116.1113, and wrongful foreclosure. For statute of limitations calculations, time is computed from the day the cause of action accrued. Clark v. Robison, 944 P.2d 788, 789 (Nev. 1997). Plaintiff alleges actionable notice violations beginning in 2011, but at the latest, Plaintiff's causes of action accrued on the date of the recording of the foreclosure: September 7, 2012. The complaint was filed over four years later. For the reasons discussed below, each of Plaintiff's claims are barred by the applicable statute of limitations. Plaintiff also makes a constitutional due process argument, which fails on its merits as a matter of law.

    a. Quiet Title / Declaratory Relief

Plaintiff alleges that the HOA foreclosure sale did not extinguish Plaintiff's senior deed of

trust. Plaintiff brings claims based both on alleged statutory violations and in equity. Plaintiff's alleged violations of NRS Chapter 16 carry a three-year statute of limitations pursuant to NRS 11.190(3)(a), which applies to actions upon a liability created by statute. Plaintiff's equitable quiet title claim carries a four-year statute of limitations, pursuant to the catch-all provision at NRS 11.220.

Plaintiff is not entitled to the five-year statute of limitations for certain quiet title actions pursuant to NRS 11.070 and 11.080. The statute of limitations provided by these code sections only apply when the plaintiff actually "was seized or possessed of the premises." Nev. Rev. Stat. §§ 11.070, 11.080; see also Saticoy Bay LLC Series 2021 Gray Eagle Way v. JPMorgan Chase Bank, N.A., 388 P.3d 226, 232 (Nev. 2017) (NRS 11.080); Bissell v. Coll. Dev. Co., 469 P.2d 705, 707 (Nev. 1970) (NRS 11.070). NRS 11.070 and 11.080 do not apply to claims by parties that held only a lien interest, not title.

Plaintiff incorrectly asserts that no statute of limitations applies to seek declaratory relief. "A claim for declaratory relief is subject to a statute of limitations generally applicable to civil claims." Zuill v. Shanahan, 80 F.3d 1366, 1369–70 (9th Cir. 1996). Facklam, relied upon by Plaintiff, holds only that a statute of limitations does not operate to bar a nonjudicial foreclosure, as such a foreclosure is neither a civil nor a criminal judicial proceeding, but Facklam does not hold that a statute of limitations cannot bar a judicial action challenging a nonjudicial foreclosure. See Facklam v. HSBC Bank USA for Deutsche ALT-A Sec. Mortg. Loan Tr., 401 P.3d 1068, 1070-71 (Nev. 2017) (en banc).

SFR's counterclaim and crossclaim for quiet title and injunctive relief was filed in its Answer on July 3, 2017. Because SFR was possessed of the property as of the recording of the foreclosure deed on September 7, 2012, the five-year statute of limitations applies and SFR's claim is timely.

    b. NRS 116.1113

Because Plaintiff's claims under NRS 116.1113 are clearly based upon a liability created by statute, the three-year statute of limitations applies. Nev. Rev. Stat. § 111.190(3)(a).

    c. Wrongful Foreclosure

4

Plaintiff's allegations of tortious wrongful foreclosure are not based upon a liability created by statute and thus fall within the four-year catch-all provision at NRS 11.220. Plaintiff's challenges to the procedural aspects of the foreclosure sale invoke the 30-day and 90-day time limitations in NRS 107.080. Nev. Rev. Stat. § 107.080(5), (6); see also Las Vegas Dev. Grp., LLC v. Blaha, 416 P.3d 233, 237 (Nev. 2018) (en banc). The rest of Plaintiff's wrongful foreclosure claims are statutory claims under NRS 116.1113, to which the three-year statute of limitations applies.

### d. Due Process

Lastly, the Court addresses Plaintiff's remaining argument that NRS Chapter 116 facially violates Plaintiff's constitutional procedural due process rights because it fails to require written notice. This argument is foreclosed by Nevada Supreme Court case law. In Bourne Valley Court Tr. v. Wells Fargo Bank, NA, the Ninth Circuit held that the opt-in notice scheme outlined in NRS Chapter 116 did not meet the minimum requirements of constitutional due process and that NRS 116.31168 did not incorporate the notice requirements of NRS 107.090. 832 F.3d 1154, 1158–59 (9th Cir. 2016), cert. denied, 137 S. Ct. 2296 (2017). Importantly, the Nevada Supreme Court had not yet had a direct opportunity to construe the applicable statutes. The Nevada Supreme Court thereafter held that NRS 116.31168 incorporated the notice requirements of NRS 107.090. SFR Investments Pool 1, LLC v. Bank of New York Mellon, 422 P.3d 1248, 1252 (Nev. 2018). This Court has previously found, and now reiterates, that NRS 107.090 as incorporated by the Nevada HOA lien statute satisfies due process requirements. JPMorgan Chase Bank, N.A. v. SFR Investments Pool 1, LLC, 200 F. Supp. 3d 1141, 1160 (D. Nev. 2016). The Court incorporates that prior reasoning by reference. Therefore, Plaintiff's contention that the statute facially violates its due process rights fails as a matter of law.

For the reasons previously stated, this remaining argument as to the quiet title and declaratory judgment claim is also foreclosed by the statute of limitations as this action was filed over four years ago.

## V. CONCLUSION

**IT IS THEREFORE ORDERED** that the Motion to Dismiss (ECF No. 57) is GRANTED and Plaintiff's complaint is dismissed in its entirety with prejudice. However, the case remains open as counterclaim and crossclaim brought by Defendant and Cross Claimant SFR Investments Pool 1, LLC is not dismissed.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (ECF No. 56), the Motion for Summary Judgment (ECF No. 58), the Motion for Partial Summary Judgment (ECF No. 59), and the Motion to Substitute Party (ECF No. 88) are DENIED as moot.

For the reasons explained on the record at the hearing on November 7, 2018, the Motion to Reopen Discovery (ECF No. 55) is GRANTED and the Motion to Strike (ECF No. 63) and Motion for Sanctions (ECF No. 64) are DENIED. The Court has directed the parties to conduct limited discovery for the resolution of the pending motion for sanctions (ECF No. 97).

DATED this 5th day of January, 2019.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRCIT JUDGE