**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC. | Case No. 2:16-cv-02542-RFB-DJA |
| Plaintiff, | **ORDER** |
| v. | |
| SAFARI HOMEOWNERS ASSOCIATION *et al.*, | |
| Defendants. | |

**I.   INTRODUCTION**

Before the Court are Defendants SFR Investments Pool 1 LLC's ("SFR") Motion for Default Judgment against Carlos Bolanos, Motion for Summary Judgment, Motion for Case-Ending Sanctions, Motion to Strike, Countermotion for FRCP Rule 56(d), as well as Plaintiff Nationstar Mortgage LLC's ("Nationstar") Motion for Summary Judgment. ECF Nos. 136,140,141,148,149,142. For the following reasons, the Court grants Defendant's Motion for Summary Judgment and Motion for Default Judgment.

## II. PROCEDURAL BACKGROUND

Nationstar began this case by filing a complaint against Defendants on November 6, 2016. ECF No. 1. The complaint sought declaratory relief that a HOA nonjudicial foreclosure sale conducted under Chapter 16 of the Nevada Revised Statutes ("NRS") in 2012 did not extinguish a deed of trust it held on a Las Vegas property. Id. On July 3, 2017, SFR filed an answer and asserted counterclaims. On July 24, 2017, Nationstar filed an answer, asserting crossclaims against SFR. ECF No. 3. On January 18, 2018, SFR filed a motion for entry of clerk's default as to Carlos Bolanos and it was entered on January 19, 2018. ECF Nos. 42, 43. This Court stayed this case from March 22, 2018 to November 7, 2018. ECF Nos. 54,102. On January 6, 2019, this Court dismissed Plaintiff's complaint with prejudice, and the case remained open as to counterclaims and crossclaims. ECF No. 103. This Court stayed this case from October 17, 2019 to May 28, 2020. ECF Nos. 133, 138. On May 21, 2020, SFR filed a motion for default judgment against Carlos Bolanos which was unopposed. ECF Nos. 136, 139. On June 20, 2020, SFR file a motion for summary judgment and a motion for case-ending sanctions. ECF Nos. 140,141. On July 20, 2020, Plaintiff filed a response and Defendant filed a response on July 27, 2020. ECF Nos. 144,145,155. On May 21, 2020, Plaintiff filed a motion for summary judgment. ECF No. 142. Defendants filed a response on July 20, 2020 and Plaintiff filed a reply on August 3, 2020. ECF Nos. 146,151. On July 20, 2020, Defendants filed a motion to strike and countermotion for FRCP Rule 56(d). Plaintiff filed responses on August 3, 2020 and Defendants filed replies on August 17, 2020. ECF Nos. 148, 149,152,153,159,160. On March 15, 2021, this Court held a hearing regarding pending motions. ECF No. 163.

## III. FACTUAL BACKGROUND

The Court makes the following findings of undisputed and disputed facts.[1]

---

[1] The Court takes judicial notice of the publicly recorded documents related to the deed of trust and the foreclosure sale. Fed. R. Evid. 201 (b), (d). Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001) (permitting judicial notice of undisputed matters of public record).

### a. Undisputed facts

On May 25, 2005, Carlos Bolanos obtained a $215,000.00 loan, secured by a deed of trust recorded against the real property at 3635 Lake Victoria Drive, North Las Vegas, that named Mortgage Electronic Registration Systems, Inc. (MERS) as the original beneficiary. MERS assigned the deed of trust to U.S. Bank on January 26, 2010. U.S. Bank then assigned the deed of trust to Nationstar on August 5, 2014. The property sits within a homeowner association, Safari Homeowners Association ("Safari"). Safari, through Nevada Association Services ("NAS"), recorded a notice of delinquent assessment lien on September 27, 2011, a notice of default and election to sell on November 21, 2011, and a notice of foreclosure sale on June 12, 2012. None of Safari's notices identified the superpriority amount of its lien. On December 27, 2011, after Safari recorded its notice of default but before it completed its sale, then servicer, Bank of American, N.A. ("BANA"), through its counsel Miles, Bauer, Bergstrom & Winters ("Miles Bauer"), requested the superpriority amount of Safari's lien and offered to pay the superpriority amount. NAS did not respond and therefore, BANA never tendered the superpriority amount. On August 10, 2012, Safari through NAS, foreclosed on the property and sold it to SFR for $10,000.00.

### b. Disputed Facts

The parties dispute the legal effect of the facts.

### IV. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts…. Where the record taken as

a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. Zetwick v. Cty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

## V.    DISCUSSION

### a. Motions for Summary Judgment

SFR argues that because Nationstar's quiet title/declaratory claims are timed-barred, it does not have standing to assert those claims. This Court agrees. On January 5, 2019, this Court issued an order dismissing all of Nationstar's claims because they were indeed time-barred. ECF No. 103. Therefore, this Court finds that Nationstar's tender arguments are foreclosed.

Alternatively, Nationstar argues that while maybe its claims for relief are time-barred, its' legal defenses are not. Therefore, because Nationstar pleaded quiet title/ declaratory relief and injunction as crossclaims in response to SFR's counterclaims, SFR still has the burden to prove free and clear title, which it fails to do. The Court disagrees. The Court finds that there is no legal distinction between preserving an affirmative defense as it relates to property interest and preserving a claim with regards to declaratory judgment action. See City of Saint Paul, Alaska v. Evans, 344 F.3d 1029, 1035-36 (9th Cir. 2003) (barring City's defense under statute of limitations because defenses were "mirror images of time-barred claims"). Also, Nevada law establishes the presumption that an HOA sale is properly conducted. See Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon, 405 P.3d 641, 646 (2017). Because Nationstar did not raise any timely claims regarding a defect in the foreclosure sale, SFR did not need to take any further action to assert its superior claims to the property. Plaintiff fails to overcome a presumption in the validity of the property; thus, SFR took the title to the property free and clear of the deed of trust and the Court finds that Plaintiff's crossclaims fail.

As it is undisputed that Plaintiff's claims and crossclaims are time-barred, the Court finds

that the foreclosure sale extinguished Plaintiff's deed of trust; therefore, this Court grants SFR's motion for summary judgment.[2]

### b. Motion for Default Judgment

The Court also grants SFR's motion for default judgement as to Carlos Bolanos. Factors which a court, in its discretion, may consider in deciding whether to grant a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of the substantive claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute of material fact, (6) whether the default was due to excusable neglect, and (7) the Federal Rules' strong policy in favor of deciding cases on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72. In considering the seven Eitel factors, the Court finds default judgment against Carlos Bolanos is warranted. The first and sixth factors favor granting default judgment because the Cross-Defendant failed to defend—or appear at all in this matter—since being served with the summons and the amended complaint. Bolanos's failure to appear for the past four years prejudices SFR by preventing it from determining injunctive relief against Bolanos. Further, Bolanos's failure to appear for a substantial period of time demonstrates the lack of excusable neglect. And while the seventh factor generally counsels against the granting of default judgment, Bolanos's failure to appear prevents the Court from determining the cross-claims on its merits.

The second and third factors also favor a grant of default judgment. SFR seeks quiet title and injunctive relief against Bolanos. There are sufficient exhibits attached to this instant motion demonstrating SFR is entitled to the relief requested. Thus, SFR has demonstrated its claims are meritorious. Finally, there is no money at stake to counsel against the grant of default judgment. Thus, the Court finds the Eitel factors favor the grant of default judgment against Cross-Defendant.

///

///

///

---

[2] Because this Court finds that Plaintiff's claims and crossclaims are time-barred, and therefore Defendant SFR is entitled to quiet title and declaratory relief on this basis, this Court does not need to address the rest of the parties' summary judgment arguments.

## VI. CONCLUSION

**IT IS ORDERED** that Defendant SFR Investments Pool 1 LLC's Motion for Summary Judgment (ECF No. 140) is GRANTED. The Court quiets title and declares that the HOA foreclosure sale extinguished Plaintiff's deed of trust on the property.

**IT IS FURTHER ORDERED** that Plaintiff Nationstar Mortgage LLC's Motion for Summary Judgment (ECF No. 142) is DENIED.

**IT IS FURTHER ORDERED** that Defendant SFR Investments Pool 1 LLC's Motion for Default Judgment as to Carlos Bolanos (ECF No. 136) is GRANTED.

**IT IS FURTHER ODERED** that Defendant SFR Investments Pool 1 LLC's Motion for Case-Ending Sanctions (ECF No. 141), Motion to Strike (ECF No. 148), and Countermotion for FRCP Rule 56 (d) (ECF No. 149) are DENIED without prejudice pending the outcome of the Ninth Circuit certified question for the Nevada Supreme Court in U.S. Bank v. Thunder Properties, Inc., 958 F.3d 794 (9th Cir. 2020).

**IT IS FURTHER ORDERED** that this Court will stay entry of judgment pending the outcome of the certified question, and the Lis Pendens filed will remain upon entry of final judgment. **FURTHER**, Defendants are prohibited from disposing the property until entry of judgment is issued.

DATED: March 22, 2021.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE