UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAFARI HOMEOWNERS ASSOCIATION, *et al.*<br><br>　　　　Defendants. | Case No. 2:16-cv-02542-RFB-DJA<br><br>**ORDER** |

## I.　INTRODUCTION

Before the Court for consideration is Plaintiff-Counter Defendant Nationstar Mortgage LLC's ("Nationstar") MOTION to Alter or Amend 103, 164 Orders (ECF No. 171).

For the foregoing reasons, the motion is granted.

## II.　BACKGROUND

On August 10, 2012, Safari Homeowners Association ("HOA") through Nevada Association Services ("NAS"), foreclosed on the Las Vegas property at issue in this case and sold it to Defendant-Cross Claimant SFR Investments Pool 1, LLC ("SFR") for $10,000.00. ECF No. 164.[1] A foreclosure deed in favor of SFR was recorded on September 7, 2012. ECF No 103.

On November 2, 2016, Nationstar filed a Complaint alleging, inter alia, claims for quiet title/declaratory judgment against SFR. ECF No. 1. Specifically, the Complaint sought declaratory

---

[1] On May 25, 2005, Carlos Bolanos obtained a $215,000.00 loan, secured by a deed of trust recorded against the real property at 3635 Lake Victoria Drive, North Las Vegas, that named Mortgage Electronic Registration Systems, Inc. ("MERS") as the original beneficiary. MERS assigned the deed of trust to U.S. Bank on January 26, 2010. U.S. Bank then assigned the deed of trust to Nationstar on August 5, 2014. See generally ECF No. 164.

relief that the HOA nonjudicial foreclosure sale conducted under Chapter 16 of the Nevada Revised Statutes ("NRS") did not extinguish a deed of trust it held on the property. Id. On July 3, 2017, SFR filed an Answer to the Complaint, asserting a counterclaim and crossclaim for declaratory relief/quiet title pursuant to NRS 30.010, NRS 40.010, and NRS 116.3116 and injunctive relief. ECF No. 25. On July 24, 2017, Nationstar filed an Answer to SFR's counterclaim and crossclaim. ECF No. 31.

On January 6, 2019, the Court dismissed Nationstar's Complaint with prejudice. The Court had first determined that Nationstar brought claims based both on alleged statutory violations and in equity. It found that Nationstar's alleged NRS Chapter 16 violations carried a three-year statute of limitations pursuant to NRS 11.190(3)(a), which applied to actions upon a liability created by statute. Further, Nationstar's equitable quiet title claim carried a four-year statute of limitations, pursuant to the catch-all provision at NRS 11.220. Accordingly, the Court concluded the following:

> In the complaint filed November 2, 2016, [Nationstar] states causes of action under quiet title, NRS 116.1113, and wrongful foreclosure. For statute of limitations calculations, time is computed from the day the cause of action accrued. Clark v. Robison, 944 P.2d 788, 789 (Nev. 1997). [Nationstar] alleges actionable notice violations beginning in 2011, but at the latest, [Nationstar]'s causes of action accrued on the date of the recording of the foreclosure: September 7, 2012. The complaint was filed over four years later. For the reasons discussed [], each of [Nationstar]'s claims are barred by the applicable statute of limitations.

ECF No. 103 at 3. Although it dismissed Nationstar's Complaint, the Court left the case open as it related to SFR's counterclaim and crossclaim. Id. at 6.

On May 1, 2020, the Ninth Circuit certified the following questions for the Nevada Supreme Court:

> (1) When a lienholder whose lien arises from a mortgage for the purchase of a property brings a claim seeking a declaratory judgment that the lien was not extinguished by a subsequent foreclosure sale of the property, is that claim exempt from statute of limitations under City of Fernley v. Nevada Department of Taxation, 132 Nev. 32, 366 P.3d 699 (2016)?

- 2 -

    (2) If the claim described in (1) is subject to a statute of limitations:
      (a) Which limitations period applies?
      (b) What causes the limitations period to begin to run?

U.S. Bank v. Thunder Properties, Inc., 958 F.3d 794, 796 (9th Cir. 2020) ("Thunder Properties I").

  On June 29, 2020, SFR filed summary judgment motion with the Court arguing, inter alia, that Nationstar lacked standing to assert any quiet title/declaratory judgment claims, including any asserted as affirmative defenses, because such claims were time barred. Nationstar argued, inter alia, that SFR was not entitled to an order confirming its title was free and clear of U.S. Bank's deed of trust because tendering the superpriority amount was futile and therefore excused.

  On March 22, 2021, the Court granted SFR's motion for summary judgment. The Court concluded that Nationstar's tender arguments were foreclosed, as Nationstar's claims were time-barred. Additionally, the Court disagreed with Nationstar that, because it pleaded its quiet title/declaratory claims as legal defenses, i.e., crossclaims, in response to SFR's counterclaims, its legal defenses for quiet title/declaratory relief and injunction were not time barred. The Court determined that there was no legal distinction between preserving an affirmative defense as it related to a property interest and preserving a claim with regards to a declaratory judgment action. See City of Saint Paul, Alaska v. Evans, 344 F.3d 1029, 1035-36 (9th Cir. 2003) (barring City's defense under statute of limitations because defenses were "mirror images of time-barred claims"). Also, Nevada law established the presumption that an HOA sale was properly conducted. See Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon, 405 P.3d 641, 646 (Nev. 2017). Because Nationstar did not raise any timely claims regarding a defect in the foreclosure sale, the Court determined that SFR did not need to take any further action to assert its superior claims to the property. Ultimately, the Court found that SFR took the title to the property free and clear of the deed of trust, and Nationstar's crossclaims failed as a matter of law because it failed to overcome a presumption in the validity of the property. Accordingly, the Court granted SFR summary judgment, quieting title and declaring that the HOA foreclosure sale extinguished Nationstar's deed of trust on the property. Nevertheless, the Court stayed entry of judgment pending the outcome of the Ninth Circuit's certified question for the Nevada Supreme Court in

Thunder Properties I. The Court also ordered for the Lis Pendens filed to remain upon entry of final judgment, and prohibited SFR from disposing the property until entry of judgment was issued.[2]

In February 2022, the Nevada Supreme Court answered the Ninth Circuit, providing the following responses:

> [D]eclaratory relief actions are not categorically exempt from statutes of limitations under City of Fernley v. State, Department of Taxation, 132 Nev. 32, 366 P.3d 699 (2016). We next determine that the four-year catch-all statute of limitations, NRS 11.220, applies to an action (like this one) to determine the validity of a lien under NRS 40.010. And finally, the statute of limitations does not begin to run until the titleholder affirmatively repudiates the lien, which does not necessarily happen at the foreclosure sale.

U.S. Bank v. Thunder Properties, Inc., 503 P.3d 299, 302 (Nev. 2022) ("Thunder Properties II") (emphasis added).

On March 16, 2022, Nationstar filed a Motion to Alter or Amend the Court's January 6, 2019 and March 22, 2021 Orders, following the Nevada Supreme Court's opinion in Thunder Properties II. ECF No. 171. Thereafter, the Court ordered the parties to provide briefing that addressed Thunder Properties II's applicability to this case. See ECF Nos. 173, 178. The parties complied. See ECF Nos. 174, 175, 177, 179, 180.

This Order follows.

### III.   DISCUSSION

#### a.   Legal Standard

The Federal Rules of Civil Procedure do not explicitly recognize a motion to reconsider. Nevertheless, a "motion for reconsideration is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure Rule 59(e), if it is filed within ten days of entry of judgment. Otherwise, it is treated as a Rule 60(b) motion for relief from a judgment or order." Am. Ironworks

---

[2] The Court also denied, without prejudice, SFR's Motion for Case-Ending Sanctions (ECF No. 141), Motion to Strike (ECF No. 148), and Countermotion for FRCP Rule 56 (d) (ECF No. 149), pending the outcome of this certified question.

& Erectors, Inc. v. N. Am. Const. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001). Rule 59(e) and Rule 60(b), however, only provide relief from judgments and that are "final, appealable orders." United States v. Martin, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000). Still, "[a]s long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." City of Los Angeles v. Santa Monica Baykeeper, 254 F.3d 882, 885 (9th Cir.2001) (internal quotation marks, citation, and emphasis omitted).

In this action, the Court stayed entry of judgment of its March 22, 2021 Order, pending the outcome of Thunder Properties II. Because no judgment has been entered in this case, the Court considers Nationstar's motion pursuant its inherent power. This inherent power is grounded "in the common law and is not abridged by the Federal Rules of Civil Procedure." Id. at 887. There are three circumstances in which the Ninth Circuit has determined that reconsideration is appropriate: "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Nunes v. Ashcroft, 375 F.3d 805, 807 (9th Cir. 2004). Similarly, Local Rule 59-1(a) provides that "[t]he court possesses the inherent power to reconsider an interlocutory order for cause, so long as the court retains jurisdiction. Reconsideration also may be appropriate if (1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." "Motions for reconsideration are disfavored. A movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts." Local Rule 59-1(b).

Nationstar's motion for reconsideration is based on an intervening change in controlling law. According to Nationstar, because the Court's January 6, 2019 and March 22, 2021 Orders, concerning Nationstar's claims seeking quiet title/declaratory judgment against SFR, did not have the benefit of Thunder Properties II, they are not in harmony with its holding, and therefore it is proper for the Court to reconsider, vacate, or amend the Orders.

The Court agrees and grants Nationstar's motion.

**b. The January 6, 2019 and March 22, 2021 Orders**

The January 6, 2019 and March 22, 2021 Orders relied on the date of the recording of the HOA foreclosure sale to conclude that Nationstar's claims were time barred. Thunder Properties II, however, subsequently held that a HOA foreclosure, "standing alone," is not enough to trigger the statute of limitations. 503 P.3d at 307. "[S]omething more is required." Id. Instead, the Nevada Supreme Court determined that the limitations period begins to run when "the lienholder receives notice of some affirmative action by the titleholder to repudiate the lien or that is otherwise inconsistent with the lien's continued existence." Id. at 306.[3] Based on the Thunder Properties II, the Court finds that the legal basis it relied on to dismiss Nationstar's cause of action for quiet title/declaratory judgment against SFR in its January 6, 2019 Order and to, separately, find that Nationstar lacked standing to assert quiet title/declaratory claims and legal defenses because they were timed-barred in its March 22, 2021 Order is no longer valid. Indeed, in light of the intervening change in controlling law, the Court finds that the rulings in these orders can no longer stand.

Accordingly, the Court vacates its ruling in its January 6, 2019 Order, ECF No. 103, dismissing Plaintiff's quiet title/declaratory judgment claim against SFR, and it reinstates the claim against SFR. As the Court's March 22, 2021 Order, ECF No. 164, relied on the Court's earlier dismissal of Plaintiff's quiet title/declaratory judgment claim, the Court finds that the legal basis and reasoning it relied on to grant summary judgment in favor of SFR are no longer valid, and therefore the Court vacates the order in its entirety.

Next, the Court has reviewed the parties briefing regarding Nationstar's instant motion. The parties dispute when, under the current facts and record, Nationstar had notice of "some affirmative action" triggering the statute of limitations. Nationstar additionally argues that, notwithstanding Thunder Properties II, its affirmative defense of excused tender is not subject to any statute of limitations. SFR separately contends that discovery should be allowed to ascertain

---

[3] Since it was decided, the Ninth Circuit, in unpublished opinions, interpreting Thunder Properties II's "something more," has "reject[ed] all the dates suggested by [a foreclosure-sale purchaser] prior to and including the recording of the foreclosure sale." See, e.g., Bank of New York Mellon v. 4655 Gracemont Ave. Tr., No. 20-17335, 2022 WL 16732021, at *2 (9th Cir. Nov. 7, 2022). Moreover, it has also concluded that, under Thunder Properties II, "[i]t is nonsensical to argue that the statute of limitations for an action challenging a nonjudicial foreclosure that allegedly severed a deed of trust from the real property commences before the foreclosure sale." U.S. Bank v. SFR Invs. Pool 1, LLC, No. 19-16853, 2023 WL 370974, at *1 (9th Cir. Jan. 24, 2023).

when the statute of limitations began to run pursuant to Thunder Properties II. While Nationstar rejects SFR's request for additional discovery, it contends that, if the Court finds it necessary, any additional discovery be limited to what SFR did after the foreclosure sale to repudiate Nationstar's deed of trust for this particular property.

Given the new legal inquiry required by Thunder Properties II in relation to the statute of limitations, the Court finds that additional discovery on the issue of when the statute of limitations began to run in relation to the property at issue in this action is appropriate. The Court also finds that discovery related to the issue of tender and excuse of tender in relation to Thunder Properties II's legal inquiry is also appropriate. The Court will not limit discovery, as it relates to the statute of limitations or tender and excuse of tender, to just conduct after the foreclosure sale. Discovery can be connected, on both issues, to before and after the foreclosure sale.

### IV.   CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff-Counter Defendant Nationstar Mortgage LLC's MOTION to Alter or Amend 103, 164 Orders (ECF No. 171) is GRANTED. The Court VACATES its January 6, 2019 Order (ECF No. 103) only as to its ruling on Nationstar's cause of action for quiet title/declaratory judgment and REINSTATES this cause of action against Defendant-Cross Claimant SFR Investments Pool 1, LLC. The Court also VACATES its March 22, 2021 Order (ECF No. 164) in its entirety.

**IT IS FURTHER ORDERED** that the parties shall engage in limited discovery on the issue of when the statute of limitations began to run in this action, including on the related issue of tender and excuse of tender, pursuant to U.S. Bank v. Thunder Properties, Inc., 503 P.3d 299 (Nev. 2022). The parties will, from March 20, 2023 to May 1, 2023, engage in limited discovery and dispositive motions will be due May 15, 2023.

**DATED:** March 16, 2023

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**